```
            UNITED STATES DISTRICT COURT
       FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


LARRY DEAN DUSENBERY           :    CIVIL NO. 1:07-CV-01869
                               :
        Plaintiff              :    (Judge Conner)
                               :
    v.                         :    (Magistrate Judge Smyser)
                               :
TODD W. CERNEY,                :
                               :
        Defendant              :
```

**REPORT AND RECOMMENDATION**

On October 16, 2007, the plaintiff, a federal prisoner proceeding *pro se*, commenced this *Bivens*[1] action by filing a complaint. On November 8, 2007, the plaintiff filed an application to proceed *in forma pauperis.* By a separate order, we have granted the plaintiff's application to proceed *in forma pauperis.*

---

[1] *See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388 (1971).

We now review the complaint pursuant to 28 U.S.C. § 1915A which provides, in pertinent part:

> **(a) Screening**.- The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> **(b) Grounds for dismissal**.- On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

The complaint names as the defendant Todd W. Cerney, a disciplinary hearing officer at the United States Penitentiary at Allenwood. The plaintiff claims that the defendant denied him due process at a disciplinary hearing. The plaintiff alleges that the defendant found him guilty of refusing to provide a urine sample and that he sanctioned him to thirty days in disciplinary segregation, six months loss of visitation privileges and six months loss of contact visitation to run consecutive to the first six months.

2

We conclude that the complaint fails to state a claim upon which relief may be granted.

The Fifth Amendment provides that "[n]o person shall . . . be deprived of life, liberty, or property, without due process of law." A due process claim requires a two part analysis. First, the court must determine whether the interest asserted by the plaintiff is within the scope of protection of life, liberty, or property found in the Due Process Clause. *Shoats v. Horn*, 213 F.3d 140, 143 (3d Cir. 2000). Second, if the interest is protected by the due process clause, "the question then becomes what process is due to protect it." *Id.*

In the past, in determining whether prison regulations created liberty interests, courts examined the regulations for explicitly mandatory language and specific substantive predicates giving rise to a reasonable expectation that an event would not occur unless the circumstances identified in the regulations were met. *Hewitt v. Helms*, 459 U.S. 460, 472

3

(1983); *Stephany v. Wagner*, 835 F.2d 497 (3d Cir. 1988). In *Sandin v. Conner*, 515 U.S. 472 (1995), however, the United States Supreme Court, addressing the question of when state prison regulations can create liberty interests protected by the Due Process Clause, modified the *Hewitt* analysis. The Court held that:

> States may under certain circumstances create liberty interests which are protected by the Due Process Clause. But these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.

*Id*. at 483-84.

In *Sandin*, the inmate was sentenced to thirty days of disciplinary confinement in the Special Holding Unit. As a result of the prisoner's disciplinary segregation he "had to spend his entire time alone in his cell (with the exception of 50 minutes each day on average for brief exercise and shower periods, during which he nonetheless remained isolated from other inmates and was constrained by leg irons and waist

4

chains.)" *Id*. at 494 (Breyer, J. dissenting).  The Court concluded that the inmate's thirty days in the Special Holding Unit did not impose the type of atypical significant deprivation freedom from which the state might conceivably have made into a liberty interest. *Id.* at 486.  The Court noted that in that case disciplinary confinement at the prison in question, with only insignificant exceptions, mirrored conditions imposed on inmates in administrative and protective custody; that based on a comparison of inmates inside of and outside of disciplinary segregation, placement in segregation for thirty days did not work a major disruption in his environment; that disciplinary action did not inevitably affect the duration of the inmate's sentence; and that the "regime to which he was subjected was within the range of confinement to be normally expected for one serving an indeterminate term of 30 years to life." *Id*. at 486-87.

While *Sandin* addressed state-created liberty interests under the Fourteenth Amendment, its reasoning also applies to Fifth Amendment due process claims brought by federal prisoners

5

pursuant to *Bivens. Crowder v. True*, 74 F.3d 812, 814-15 (7th Cir. 1996).

"After *Sandin,* it is clear that the touchstone of the inquiry into the existence of a protected, state-created liberty interest in avoiding restrictive conditions of confinement is not the language of regulations regarding those conditions but the nature of those conditions themselves 'in relation to the ordinary incidents of prison life.'" *Wilkinson v. Austin*, 545 U.S. 209, 223 (2005)(quoting *Sandin, supra,* 515 U.S. at 484). In deciding whether a protected liberty interest exists under *Sandin*, we consider the duration of the confinement and the conditions of that confinement in relation to other prison conditions. *Mitchell v. Horn,* 318 F.3d 523, 532 (3d Cir. 2003). Whether or not a protected liberty interest exists under *Sandin* requires inquiry into the specific facts of the case. *Id.* at 533.

In the instant case, the plaintiff alleges that was sentenced to thirty days in disciplinary segregation and that

6

he lost visitation privileges for six months and contact visitation privileges for another six months.  These sanctions did not subject the plaintiff to an atypical and significant hardship in relation to the ordinary incidents of prison life.  Accordingly, the plaintiff does not have a liberty interest protected by the Due Process Clause in the disciplinary process that led to these sanctions.  Therefore, the complaint fails to state a due process claim upon which relief may be granted.

Before dismissing a complaint for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915A, the court must grant the plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hospital*, 293 F.3d 103, 114 (3rd Cir. 2002).  In the instant case, since the plaintiff does not have a liberty interest protected by the Due Process Clause, amendment would be futile.

Based on the foregoing, it is recommended that the complaint be dismissed and that the case be closed.


*/s/ J. Andrew Smyser*
J. Andrew Smyser
Magistrate Judge


Dated:  November 19, 2007.